19 F.3d 19
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Allan D. SELVY, Plaintiff-Appellant,
v.
VETERANS ADMINISTRATION, Defendant-Appellee.
 No. 93-2049.
 United States Court of Appeals, Sixth Circuit.
 Jan. 21, 1994.
 
 Before: GUY and SILER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se litigant, Allan D. Selvy, appeals a district court order granting defendant's motion for summary judgment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking $250,000 in damages, Selvy brought suit alleging that the United States, through the Department of Veterans Affairs (VA), committed the tort of misrepresentation. The claim was in regard to a piece of real estate Selvy bought in July of 1982 from the VA for a single cash payment of $500. Selvy claimed that the real estate agent through which he purchased the property had authority to make representations "on behalf of" the VA with respect to the property. Selvy alleged that the real estate agent represented that the property was located "in an area that was both economically and socially viable thereby implying that the plaintiff's investment in the property could be a profitable one." According to Selvy's assessment, the neighborhood deteriorated. Therefore, Selvy argued that the VA breached its duty to "use reasonable care to obtain and communicate truthful information" about the character of the neighborhood. He filed his complaint in April of 1993.
 
 
 3
 The defendant moved to dismiss and for summary judgment. Selvy did not respond to the motion. The district court convened a hearing on defendant's motion and granted the motion as to both dismissal and summary judgment in favor of defendant. Upon review, we find no error.
 
 
 4
 There exists no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. Selvy's complaint is barred by the applicable statute of limitations. A tort claim against the United States must be brought in writing to the appropriate federal agency within two years of accrual. 28 U.S.C. Sec. 2401(b). Selvy purchased the subject property in July of 1982 and filed his administrative claim on December 31, 1991. Any misrepresentation by the real estate agent would have occurred prior to the purchase. The cause of action would have accrued when Selvy had reason to know of his injury. See Friedman v. Estate of Presser, 929 F.2d 1151, 1159 (6th Cir.1991) (statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of action). Selvy admits being dissatisfied with the deterioration of the neighborhood within a short time after the purchase. Therefore, he had reason to know of his injury resulting from the alleged misrepresentation, and the two-year limitations period began to run. Accordingly, Selvy's 1991 administrative claim is well beyond the applicable two-year statute of limitations, and the complaint is barred.
 
 
 5
 Because we decide this case on the statute of limitations grounds, we decline to address the other issues in the case.
 
 
 6
 Accordingly, the district court order granting defendant's motion for summary judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.